## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DORIS GRIFFIN, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| ANDREA VISGILIO-MCGRATH, LLC; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, DORIS GRIFFIN, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, ANDREA VISGILIO-MCGRATH, LLC ("VISGILIO-MCGRATH, LLC), JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

**DEFINITIONS**

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

**PARTIES**

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of Essex County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. VISGILIO-MCGRATH, LLC is a law firm that maintains a location at 1 Clove Road, Little Falls, New Jersey 07424.

8. Upon information and belief, VISGILIO-MCGRATH, LLC uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. VISGILIO-MCGRATH, LLC is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ACTION ALLEGATIONS**

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from VISGILIO-MCGRATH, LLC concerning a judgment, which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.

  <u>The class definition may be subsequently modified or refined</u>.  The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.    Whether the Defendants violated various provisions of the FDCPA including but not limited to:

15 U.S.C. §§ 1692e et seq. and 1692e(10);

    b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to July 14, 2016, Plaintiff allegedly incurred a financial obligation to MOUNTAINSIDE HOSPITAL, A N.J. CORP. ("MOUNTAINSIDE HOSPITAL").

16. The MOUNTAINSIDE HOSPITAL obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The MOUNTAINSIDE HOSPITAL obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. MOUNTAINSIDE HOSPITAL is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19. On or before July 14, 2016, MOUNTAINSIDE HOSPITAL referred the MOUNTAINSIDE HOSPITAL obligation to VISGILIO-MCGRATH, LLC for the purpose of collections.

20. At the time MOUNTAINSIDE HOSPITAL referred the MOUNTAINSIDE HOSPITAL obligation to VISGILIO-MCGRATH, LLC, the obligation was past due.

21. At the time MOUNTAINSIDE HOSPITAL referred the MOUNTAINSIDE HOSPITAL obligation to VISGILIO-MCGRATH, LLC, the obligation was in default.

22. Defendant caused to be delivered to Plaintiff a letter dated July 14, 2016, which was addressed to Plaintiff. **Exhibit A.**

23. The July 14, 2016 letter was sent to Plaintiff in connection with the collection of the MOUNTAINSIDE HOSPITAL obligation.

24. The July 14, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. Upon receipt, Plaintiff read the July 14, 2016 letter.

26. The July 14, 2016 letter stated in part that:

> With reference to the above entitled matter, please be advised that there remains a judgment against you and in favor of my client, Mountainside Hospital, A N.J. Corporation. The total amount due currently stands at $2,374.68.

27. The July 14, 2016 letter also stated in part that:

> **Until this is paid, it may appear on your credit report and adversely impact your credit**. Therefore, if you wish to resolve this matter, prompt payment should be remitted directly to my office made payable to "Andrea Visgilio-McGrath, LLC, Trust Account. (emphasis added).

28. The period that collection items can remain on a person's credit history is limited by 15 U.S.C. § 1681c(a) et seq.

29. Pursuant to 15 U.S.C. § 1681c(a) et seq., the period is generally limited to a 7 year period.

30. A payment made on a judgment has no effect as to whether a judgment continues to appear on a credit report or not.

31. A judgment appearing on a credit report will be deleted within the reporting period allowed pursuant to 15 U.S.C. § 1681c(a) et seq. whether or not a payment is made on the judgment.

32. Defendant knew or should have known that its actions violated the FDCPA.

33. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

34. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

 (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

 (b) Using unfair or unconscionable means to collect or attempt to collect any debt.

35. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

36. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

37. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

38. Defendant's collection letters and/or notices would cause the least sophisticated to be confused as to whether the judgment would remain on his or her credit report if the debt was paid.

39. Defendant's collection letters and/or notices would cause the least sophisticated consumer to believe that making a payment of the judgment would have an effect on the whether the judgment continued to appear on credit reports.

40. Defendant's letters were designed to cause the least sophisticated consumer to believe that making a payment of the judgment would have an effect on the whether the judgment continued to appear on credit reports.

41. The content of Defendant's letter was designed to cause the least sophisticated consumer to believe that making a payment of the judgment would have an effect on the whether the judgment continued to appear on credit reports.

42. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

43. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

44. 15 U.S.C. § 1681 et seq. allows a consumer to attempt to remove any reporting that appears on a credit report which is inaccurate.

45. 15 U.S.C. § 1681c(a) et seq. limits the reporting period that collection items may remain on a credit report to a 7 year period.

46. Defendants' false, deceptive and misleading statement that "Until this is paid, it may appear on your credit report and adversely impact your credit. Therefore, if you wish to resolve this matter, prompt payment should be remitted directly to my office made payable to "Andrea Visgilio-McGrath, LLC, Trust Account." would cause the least sophisticated consumer to believe that the alleged debt was being reported to one or more credit reporting agencies and that only a payment would cause it to be removed from the consumer's credit history.

47. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

48. Defendants violated 15 U.S.C. § 1692e(10) by falsely representing that "Until this is paid, it may appear on your credit report and adversely impact your credit."

49. Defendants' attempt to collect the alleged debt through misrepresentations violated various provisions of the FDCPA including but not limited to:  15 U.S.C. §§ 1692e and 1692e(10).

50. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

51. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

52. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

53. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

54. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

55. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., and Glen H. Chulsky, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: December 31, 2016

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                                                *s/ Joseph K. Jones*
                                                Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 31, 2016                *s/ Joseph K. Jones*
                                                    Joseph K. Jones, Esq.

# Exhibit

# A

**ANDREA VISGILIO-McGRATH, LLC**
ATTORNEY AT LAW
1 LOWER NOTCH ROAD
P.O. BOX 1100
LITTLE FALLS, NEW JERSEY 07424

TEL. (973) 812-4222
FAX. (973) 812-4224

Andrea Visgilio-McGrath

Warren K. Stadtmauer (Retired)

OUR FILE #

July 14, 2016

Ms. Doris Griffin

RE: Mountainside Hospital, A N.J. Corp.
vs. Doris Griffin
Docket No.

Dear Ms. Griffin:

With reference to the above entitled matter, please be advised that there remains a judgment against you and in favor of my client, Mountainside Hospital, A N.J. Corporation. The total amount due currently stands at $2,374.68.

Until this is paid, it may appear on your credit report and adversely impact your credit. Therefore, if you wish to resolve this matter, prompt payment should be remitted directly to my office made payable to "Andrea Visgilio-McGrath, LLC, Trust Account.

If, for any reason you are unable to make payment in one lump sum, please call this office any day during normal business hours and we will try to work out a mutually agreeable payment plan.

Please note this communication is from a debt collector.

Very truly yours,

ANDREA VISGILIO-McGRATH, LLC

AVM/lw