UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DORIS GRIFFIN, etc.,

        Plaintiff,

  v.

ANDREA VISGILIO-MCGRATH, LLC,
et al.,

        Defendants.

Civ. No. 17-0006 (KM/MAH)

**OPINION**

Plaintiff Doris Griffin brings a putative class action based on a statement in a debt collection letter she received (the "Letter") advising that "[u]ntil this [debt] is paid, it may appear on your credit report and adversely impact your credit," and requesting prompt payment. Griffin's Complaint alleges that this statement is false, deceptive, and misleading, and therefore violates Fair Debt Collection Practices Act (the "FDCPA"), in particular 15 U.S.C. § 1692e and 1692e(10). Defendant Andrea Visgilio-McGrath, LLC ("AVM"), which sent the Letter, moves to dismiss the Complaint for lack of standing and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons stated herein, the motion to dismiss is denied.

## The Complaint

The allegations of the Complaint may be summarized as follows:

Griffin is a consumer, and AVM a debt collector, within the meaning of FDCPA. (Cplt. ¶¶ 6, 9)[1] Griffin incurred a consumer debt obligation to a

---

[1] For purposes of this opinion, citations to the record will hereinafter be abbreviated as follows:

- "Cplt." = Complaint, ECF no. 1
- "Letter" = Letter to Griffin from AVM, dated July 14, 2016, ECF no. 1 at 13.
- "Br." = Brief in Support of Motion to Dismiss, ECF no. 7-1

1

creditor, Mountainside Hospital. (Cplt. ¶¶ 15–18) The debt was past due, and was referred to AVM for collection. (Cplt. ¶¶ 19–21)

AVM sent Griffin a Letter dated July 14, 2016, in relation to the Mountainside debt. The pertinent part of the Letter reads:

> With reference to the above entitled matter, please be advised that there remains a judgment against you and in favor of my client, Mountainside Hospital, A N.J. Corporation. The total amount due currently stands at $2,374.68....
>
> Until this is paid, it may appear on your credit report and adversely impact your credit. Therefore, if you wish to resolve this matter, prompt payment should be remitted directly to my office made payable to "Andrea Visgilio-McGrath, LLC, Trust Account."

(Letter, ECF no. 1 at 13; Cplt. ¶¶ 26, 27)

The quoted language is alleged to be false and misleading for two reasons: (a) first, "[a] judgment appearing on a credit report will be deleted within the reporting period allowed pursuant to 15 U.S.C. § 1681c(a) [*i.e.*, seven years] whether or not a payment is made on the judgment" (Cplt. ¶ 31); second, "[a] payment made on a judgment has no effect as to whether a judgment continues to appear on a credit report or not." (Cplt. ¶ 30)

The Complaint alleges a single cause of action under FDCPA, 15 U.S.C. § 1692e and 1692e(10). The statements in the Letter allegedly "would cause the least sophisticated consumer to believe that making a payment of the judgment would have an effect on [] whether the judgment continued to appear on credit reports." (Cplt. ¶ 39) That least sophisticated consumer would allegedly glean from the Letter the false implication "that only a payment would cause it to be removed from the consumer's credit history." (Cplt. ¶ 46) On behalf of Griffin and others similarly situated, the Complaint seeks statutory and actual damages, interest, and attorneys' fees.

---

- "Opp." = Plaintiff's Brief in Opposition to Motion to Dismiss, ECF no. 11
- "Reply" = Reply Brief in Further Support of Motion to Dismiss, ECF no. 14

**Legal Standard**

Under Fed. R. Civ. P. 12(b)(6), the defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).[2]

Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

In addition, the defendants contend that Griffin lacks standing to assert her claim. Standing has a Constitutional aspect, which implicates the court's subject matter jurisdiction under Rule 12(b)(1).

---

[2] A copy of Letter is attached to the Complaint as Exhibit A (ECF no. 1 at 13). A court may consider "document[s] integral to or explicitly relied upon in the complaint," without turning a motion to dismiss into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). *See also In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016).

> Rule 12(b)(1) challenges may be either facial or factual attacks:
>
> A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" [quoting *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (alterations in original) (quoting *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir.2007)).]
>
> "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." [quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).] By contrast, in reviewing a factual attack, "the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence. If there is a dispute of a material fact, the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." [citing *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006) (citations omitted).]

*Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (footnotes omitted; case citations in footnotes inserted in text).

### Analysis

AVM's motion to dismiss the complaint has two components: lack of standing, under Rule 12(b)(1), and failure to state a claim, under Rule 12(b)(2). Where, as here, the interest allegedly invaded is a statutory one, the standing and substantive analyses tend to be intertwined.

#### A. *Spokeo* and cases interpreting it

Under Article III of the U.S. Constitution, a plaintiff must establish standing to sue. As the Supreme Court recently summarized in *Spokeo, Inc. v. Robins*:

> [S]tanding consists of three elements. *Lujan*, 504 U.S., at 560, 112 S. Ct. 2130. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.*, at 560–561, 112 S. Ct. 2130; *Friends of the Earth, Inc.*, 528 U.S., at 180–181, 120 S. Ct. 693.

> The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990). Where, as here, a case is at the pleading stage, the plaintiff must "clearly ... allege facts demonstrating" each element. *Warth, supra*, at 518, 95 S. Ct. 2197.

136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016).

That constitutional injury-in-fact must be "concrete and particularized" and "fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014) (citing *Lujan, supra*). A particularized injury is one that affects the plaintiff in a "personal and individual way" and a concrete injury is one that actually exists, though it need not be tangible. *Spokeo, Inc.*, 136 S. Ct. at 1548–49 (quoting *Lujan*, 504 U.S. at 560 n.1).

In *Spokeo*, the plaintiff alleged that the operator of an online "people search engine" that conducts computerized background checks violated the Fair Credit Reporting Act of 1970 ("FCRA") by providing inaccurate personal information about the plaintiff to Spokeo's customers. The plaintiff did not allege actual damages, prompting Spokeo to challenge the plaintiff's standing to sue. *Id.* at 1546. Reasoning that the plaintiff's allegation of a "bare procedural violation" of the FCRA might result in no harm at all,[3] the Supreme Court reversed the Ninth Circuit, which, without analyzing particularity and concreteness, had concluded that the alleged violation of a statutory right was sufficient injury-in-fact to confer standing. *Id.* at 1550; *Robins v. Spokeo, Inc.*, 742 F.3d 409, 413–14 (9th Cir. 2014). The Supreme Court "t[ook] no position as to whether the Ninth Circuit's ultimate conclusion—that [the plaintiff] adequately alleged an injury in fact—was correct." *Id.*

---

[3] To illustrate, the Court stated: "An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm." *Id.* at 1550.

5

In *Spokeo*, the Supreme Court explained that whether an intangible harm rises to the level of injury-in-fact depends on historical practice and Congressional judgment. *Id.* at 1549. Specifically, courts should look to (a) whether the right violated was one traditionally recognized at law, and (b) whether Congress has elevated it to the status of a legally cognizable, redressable injury. *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, No. 15-2309, 2017 WL 242554, at *9 (3d Cir. Jan. 20, 2017) (citing *Spokeo*, 136 S. Ct. at 1549).

Thus, "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. . . . [A] plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified." *Id.* (quoting *Spokeo*, 136 S. Ct. at 1549). *See also In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 273 (3d Cir. 2016), *cert. denied sub nom. C. A. F. v. Viacom Inc.* (U.S. Jan. 9, 2017) ("in some cases an injury-in-fact may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing."). But, "Congress's role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 136 S. Ct. at 1549. "Essentially, 'the question framed by [*Spokeo*'s] discussion [is] whether the particular procedural violations alleged in [a] case entail a degree of risk sufficient to meet the concreteness requirement.'" *Bock v. Pressler & Pressler, LLP*, 658 F. App'x 63, 65 (3d Cir. 2016) (quoting *Spokeo*, 136 S. Ct. at 1550).

The United States Court of Appeals for the Third Circuit has not thoroughly explored the question of when, in light of *Spokeo*, a bare violation of the FDCPA may constitute concrete injury. Rather, the cases applying Spokeo have tended to focus on disclosures of private information in violation of the FCRA. *Compare, e.g., Bock v. Pressler & Pressler, LLP*, 658 F. App'x at 65 (*sua*

6

*sponte* remanding to the district court under the freshly-decided case of *Spokeo*, to more fully analyze standing to bring FDCPA claim), *with In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 274 (3d Cir. 2016), *cert. denied sub nom. C. A. F. v. Viacom Inc.* (U.S. Jan. 9, 2017) (alleged disclosure of information about personal online behavior in violation of state and federal privacy statutes is concrete and particularized injury-in-fact), *and In Re: Horizon Healthcare Services Inc. Data Breach Litigation*, No. 15-2309, 2017 WL 242554, at *12 (3d Cir. Jan. 20, 2017) (whether or not a "procedural" violation of the FCRA would confer standing, it was sufficient to allege that lax security procedures had permitted the theft of a laptop containing personal data, even if no further exploitation of the data was alleged). Such privacy cases are not necessarily instructive here. Griffin does not allege that AVM leaked his private information, but rather that AVM's Letter gave him inaccurate advice.

I therefore look to cases by judges in this district that have applied *Spokeo* to FDCPA claims involving false or omitted disclosures.

For example, in *Carney v. Goldman*, No. CV 15-260-BRM-DEA, 2016 WL 7408849 (D.N.J. Dec. 22, 2016), Judge Martinotti found standing where the the plaintiff had alleged "informational injury" and a "risk of economic injury." In *Carney*, the defendant's debt collection letters demanded an amount that included attorney's fees and costs not yet due. Such demands, Judge Martinotti held, were legitimately alleged to have inflicted a concrete injury redressable by the FDCPA Section 1692e. *Id.* at *2, 5. To arrive at this determination, Judge Martinotti looked to the historical practice and Congressional judgment concerning the FDCPA:

> The FDCPA unambiguously grants recipients of debt-collection letters (such as Plaintiffs) a right to be free from abusive collection practices. In other words, the FDCPA "create[s] a private duty owed personally to" a consumer to refrain from using false, deceptive, or misleading means or representations in attempting to collect a debt. *See Spokeo*, 136 S. Ct. at 1554 (Thomas, J., concurring). Because Plaintiffs have a personal statutory right to be free from abusive debt-

7

> collection practices, and because Plaintiffs have alleged facts plausibly showing Defendant violated that right, Plaintiffs "need not allege any additional harm." *See id.* at 1549 (emphasis omitted).

*Id.*, at *5.

Similarly, in *Blaha v. First National Collection Bureau*, Case No. 16-2791, slip op. at 13–16 (D.N.J. Nov. 10, 2016), Judge Walls found sufficient concrete injury-in-fact where the plaintiff alleged that the defendants' collection letter failed to disclose that the debt sought was time-barred. Plaintiffs thus had "made a plausible claim under 1692e(2)(A), which specifically prohibits the false representation of the character or legal status of any debt." *Id.* at 12, 15.

In *Pisarz v. GC Servs. Ltd. P'ship*, No. CV 16-4552 (FLW), 2017 WL 1102636, at *4 (D.N.J. Mar. 24, 2017), Judge Wolfson had little difficulty in finding standing where a defendant had left voice mail messages that failed to disclose his identity or status as a debt collector. This, she held was an "informational injury" —*i.e.*, a deprivation of information to which the plaintiff was entitled—sufficient to confer standing.

These and other recent cases trend in favor of finding concrete injury under the FDCPA where a debt collection letter contains materially misleading statements.[4] The right to be free from such statements is one recognized by

---

[4] *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016) (allegation that plaintiff did not receive FDCPA-required disclosures sufficiently alleged concrete injury); *Medina v. AllianceOne Receivables Mgmt., Inc.*, 2017 U.S. Dist. LEXIS 7325, at *1 (E.D. Pa. Jan. 19, 2017) (where sentence in debt collection letter was found deceptive or misleading under Section 1692e so as to survive a motion to dismiss, "[t]he deceptive declaration in the letter ... creates a particularized and concrete injury, at the very least unnecessary fear and anxiety on the part of the consumer. While the harm may be intangible, it involves a de facto injury nonetheless. The FDCPA was enacted to provide redress for such a result."); *Bautz v. ARS Nat'l Servs., Inc.*, No. 16CV768JFBSIL, 2016 WL 7422301, at *1 (E.D.N.Y. Dec. 23, 2016) ("[A]dequately alleging a 'false, deceptive, or misleading representation' under Section 1692e that is materially misleading to the least sophisticated consumer satisfies the concrete injury component of Article III standing because such conduct violates an individual's substantive statutory right to be free of abusive debt practices."); *Kaymark v. Udren Law Offices, P.C.*, 2016 WL 7187840, at *7 (W.D. Pa. Dec. 12, 2016) ("The goal of the FDCPA is to protect consumers from harmful debt-collection practices, and

8

Section 1692e and its subsections, which protect consumers from false, deceptive, and misleading representations.[5]

### B. This Case

#### 1. Standing

Whether reviewing standing or substance, it is first important to define the nature of Griffin's claim. The Complaint alleges a single cause of action under the FDCPA, sections 1692e and 1692e(10):

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> ....
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e & 1692e(10). Ms. Griffin claims that statements in the Letter were false and that they constituted deceptive means of collecting a debt.

Obviously, Ms. Griffin, as the recipient of the letter, is the proper person to pursue the claim, and she possesses standing in that sense. I likewise have little difficulty in concluding that she possesses the requisite injury-in-fact. The statute provides that she is entitled to receive true information, and not false information, in creditor-debtor communications for the purpose of collecting a debt. This prohibition on false statements to induce a person to part with

---

debtors have a statutory right to be free from being subjected to false, deceptive, unfair or unconscionable means to collect a debt." (internal quotation marks omitted)).

[5] Some pre-*Spokeo* cases in this Circuit held that a mere showing of a statutory violation is sufficient to confer standing under FDCPA, a statute that provides for statutory damages. *E.g.*, *Salvati v. Deutsche Bank Nat'l Trust Co., N.A.*, 575 F. App'x 49, 56 (3d Cir. 2014) (non-precedential) (plaintiff suing under the FDCPA had standing to sue for bare violation of the act because the act provided for statutory damages); *see also Sacchi v. Care One, LLC*, No., 2015 WL 3966034 (D.N.J. June 30, 2015) ("A statute may permit recovery of statutory damages for statutory violations even when the plaintiff had not suffered actual damages."). Post-*Spokeo*, such cases must be relied on with great care, if at all.

money is similar to rights "traditionally recognized at law." *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, No. 15-2309, 2017 WL 242554, at *9 (3d Cir. Jan. 20, 2017) (citing *Spokeo*, 136 S. Ct. at 1549). It bears a family resemblance to traditional causes of action for fraud and deceit, and protects interests previously recognized at law. Here, Congress has elevated that entitlement to accurate disclosure "to the status of a legally cognizable, redressable injury." *Id.* About that, I will have more to say in the following subsection.

In short, Griffin has alleged an informational injury—specifically, the receipt of false information—of the kind recognized in the case law cited above. I find that the Complaint sets forth a concrete injury-in-fact, and therefore deny the Rule 12(b)(1) motion to dismiss for lack of standing.

### 2. Failure to state a claim

Defendant AVM also moves under Rule 12(b)(6) to dismiss the Complaint for failure to state a claim. This aspect of the motion, too, will be denied.

To state a claim under the FDCPA, a plaintiff must allege that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014); *see also Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005); *Johns v. Northland Grp., Inc.*, 76 F. Supp. 3d 590, 597 (E.D. Pa. 2014). As for element 4, the alleged violation of the FDCPA here consists of the use of a "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *see also* 15 U.S.C. § 1692e(10).

In misleading-representation cases, like this one, courts routinely apply the "least sophisticated debtor" standard when "analyz[ing] the communication giving rise to the FDCPA claim." *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). As the Third Circuit explained in *Jensen v. Pressler & Pressler*,

> Although the least sophisticated debtor standard is "lower than the standard of a reasonable debtor," it "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Id.* (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir.2000)). In so doing, it "give[s] effect to the Act's intent to 'protect[ ] the gullible as well as the shrewd.'" *Campuzano–Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298 (3d Cir.2008) (second alteration in original) (quoting *Brown*, 464 F.3d at 453).
>
> The standard is an objective one, meaning that the specific plaintiff need not prove that *she* was actually confused or misled, only that the objective least sophisticated debtor would be. *See Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 (1st Cir.2014) ("[T]he FDCPA does not require that a plaintiff actually be confused."); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir.1993) ("We apply an objective test based on the understanding of the 'least sophisticated consumer' in determining whether a collection letter violates section 1692e."). Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

791 F.3d 413, 418–19 (3d Cir. 2015).

Section 1692e contains an additional materiality requirement, but it "is simply a corollary of the well-established 'least sophisticated debtor' standard." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418 (3d Cir. 2015). "[A] statement in a communication is material if it is capable of influencing the decision of the least sophisticated debtor." *Id.* at 420–21. That is not a high bar. "[T]he materiality requirement, correctly applied, effectuates the purpose of the FDCPA by precluding only claims based on hypertechnical misstatements under § 1692e that would not affect the actions of even the least sophisticated debtor." *Id.* at 422.

11

The Letter is the relevant communication between debt collector and consumer. It must therefore be read through the eyes of the least sophisticated debtor. *See Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006) ("[A]ny lender-debtor communications potentially giving rise to claims under the FDCPA . . . should be analyzed from the perspective of the least sophisticated debtor.").

The pertinent part of the Letter reads:

> With reference to the above entitled matter, please be advised that there remains a judgment against you and in favor of my client, Mountainside Hospital, A N.J. Corporation. The total amount due currently stands at $2,374.68....
>
> Until this is paid, it may appear on your credit report and adversely impact your credit. Therefore, if you wish to resolve this matter, prompt payment should be remitted directly to my office made payable to "Andrea Visgilio-McGrath, LLC, Trust Account."

(Letter, ECF no. 1 at 13; Cplt. ¶¶ 26, 27)

The quoted language is alleged to be false and misleading in the following respects.

First, the judgment would not in fact *continue to appear* on a credit report "[u]ntil [it] is paid." Rather, "[p]ursuant to 15 U.S.C. § 1681c(a), the period is generally limited to a 7 year period." (Cplt. ¶ 29) "A judgment appearing on a credit report will be deleted within the reporting period allowed pursuant to 15 U.S.C. § 1681c(a) [*i.e.*, seven years] whether or not a payment is made on the judgment." (Cplt. ¶ 31)

The statement in the Letter is therefore misleading. By saying the item will "continue to appear," the Letter implies that the debt is a permanent black mark, erasable only by payment of the obligation. In fact, however, the Complaint alleges, the item will disappear of its own accord after seven years. That fact could well be material to a debtor weighing her options. A misstatement of that fact could therefore violate § 1692e, and inflict on the debtor an informational injury of the kind contemplated by the statute.

Second, the judgment would not *disappear* from the credit report simply because it has been paid. "A payment made on a judgment has no effect as to whether a judgment continues to appear on a credit report or not." (Cplt. ¶ 30)

The Letter states or implies that the debtor should pay up now to avoid or minimize the negative effect on her credit report. In fact, the Complaint alleges, the item will continue to appear on the credit report (for up to seven years, anyway), even if it has been paid off. The benefit to the debtor's credit rating, then, is alleged to be exaggerated, if not illusory. That, too, would be of importance to a debtor in weighing her options.

These allegations remain to be proven. But as allegations, they set forth a § 1692e claim sufficient to permit the case to go forward to discovery.

### Conclusion

For the reasons expressed above, the defendant's motion to dismiss the complaint (ECF no. 7) is DENIED.

Dated: July 18, 2017

_/s/ Kevin McNulty_
KEVIN MCNULTY
United States District Judge