## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DORIS GRIFFIN, on behalf of herself and all others similarly situated

    Plaintiff,

-vs-

ANDREA VISGILIO-McGRATH, LLC and JOHN DOES 1-25

    Defendants.

Civil Action No. 17-00006

### NOTICE OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Returnable:

**PLEASE TAKE NOTICE** that on Monday, _____ 2018, at 9:00 a.m. or as soon thereafter as counsel may be heard, Plaintiff Doris Griffin, on behalf of herself and all others similarly situated, and Defendant Andrea Visgilio-McGrath, LLC (collectively, "the Parties"), will jointly move this Court before the Honorable Michael A. Hammer, U.S.M.J., at the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Courtroom MLK 2C, Newark, NJ 07101, for entry of an Order Preliminarily Approving Proposed Settlement, annexed hereto as Exhibit A; Approving Class Notice, annexed hereto as Exhibit B; , and Scheduling a Settlement Hearing.

**PLEASE TAKE FURTHER NOTICE** that in accordance with <u>Local Civil Rule</u> 7.1(d), the Parties rely upon the enclosed Brief.

{01490541}

**PLEASE TAKE FURTHER NOTICE** that in accordance with <u>Local Civil Rule</u>

7.1(e), the Parties include a proposed form of Order.

| | |
|---|---|
| **JONES, WOLF & KAPASI, LLC** | **MORGAN MELHUISH ABRUTYN** |
| 375 Passaic Avenue | 651 Old Mount Pleasant Avenue |
| Suite 100 | Suite 200 |
| Fairfield, NJ 07004 | Livingston, NJ 07039 |
| T: 973.227.5900 | T: 973.994.2500 |
| F: 973.244.0019 | F: 973.994.3375 |
| E: jkj@legaljones.com | E: jleonard@morganlawfirm.com |
| Attorneys for Plaintiff Doris Griffin, on behalf of herself and all others similarly situated | Attorneys for Defendant Andrea Visgilio-McGrath, LLC |

BY: */s/ Joseph K. Jones*          BY: */s/ Jeffrey S. Leonard*

        JOSEPH K. JONES                  JEFFREY S. LEONARD


Dated: September 2, 2018          Dated: September 2, 2018

# Exhibit A

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DORIS GRIFFIN, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>-vs-<br><br>ANDREA VISGILIO-McGRATH, LLC and JOHN DOES 1-25,<br><br>    Defendant. | Civil Action No.  2:17-CV-00006-KM-MAH<br><br>**Civil Action**<br><br>**CLASS SETTLEMENT AGREEMENT** |

This Class Settlement Agreement dated as of _____, 2018, ("Agreement"), is made and entered into by and among the following Parties, as those terms are defined herein: (i) Plaintiff, Doris Griffin, on behalf of herself and each of the Settlement Class members, by and through Class Counsel; and (ii) the Defendant, Andrea Visgilio-McGrath, LLC, by and through its counsel of record in this Litigation.[1] This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims, as set forth below, subject to the terms and conditions set forth herein.

## RECITALS

1.    **Parties.**  Defendant Andrea Visgilio-McGrath, LLC  ("Defendant") and Plaintiff Doris Griffin ("Plaintiff") individually, and as representative of the class of persons defined below in Paragraph 8 (the "Settlement Class"), enter into this Agreement as to the claims of Plaintiff and the Settlement Class arising from Defendant's collection letter attached as Exhibit A to Plaintiff's Complaint in this Litigation [Doc 1, Exhibit A]. Plaintiff and Defendant are collectively referred to hereinafter as the "Parties."

---

[1] As used in this Agreement, capitalized terms shall have the meanings and definitions set forth herein.

2.    **Nature of litigation.** On January 2, 2017, Plaintiff, individually and on behalf of a class, filed this lawsuit in the United States District Court for the District of New Jersey, which was captioned as Doris Griffin v. Andrea Visgilio-McGrath, LLC., et al., D.N.J. Case No.: 2:17-CV-00006-KM-MAH (the "Litigation"). [Doc. 1]. The Litigation alleged Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), by sending consumers written collection letters, which allegedly made false, deceptive, and misleading statements in an effort to collect a debt. Defendant filed an answer to the complaint denying it violated the FDCPA and denying all liability to Plaintiff and the Settlement Class. [Doc. 19].

The Parties subsequently engaged in extensive discovery and arms-length discussions to resolve the Litigation, which included the informal exchange of information and documents relevant to Plaintiff's class claims and damages and, on June 14, 2018, 2016, reached a settlement which ultimately culminated with this Agreement.

3.    **Denial of Liability.**  As noted, supra, Defendant denies violating the FDCPA and denies all liability to Plaintiff and the Settlement Class. Defendant desires to settle the claims brought solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims related to its collection letter, which is attached as Exhibit A to Plaintiff's Complaint in the Litigation [Doc. 1, Exhibit A], and all claims which have or could have been asserted by Plaintiff and the Settlement Class against Defendant in the Litigation.

4.    Plaintiff, individually and on behalf of the Settlement Class, desires to settle her claims against Defendant, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the Litigation will be further protracted and expensive.

5.    Plaintiff's counsel has conducted an extensive investigation of the facts and applicable law, including, but not limited to, exchanging written discovery. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the Settlement Class to enter into this Agreement.

6.    In consideration of the foregoing and other valuable consideration, Plaintiff and Defendant collectively agree to settle the claims of the Plaintiff and the

Settlement Class arising from the Defendant's collection letter attached as Exhibit A to Plaintiff's Complaint in the Litigation, subject to the Court's approval, on the following terms and conditions.

**TERMS**

7.    **Effective Date.** This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of the following events: (1) the Court enters a final approval order which: (a) approves this Agreement as fair, reasonable, and adequate to the Settlement Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses without prejudice the claims alleged by Plaintiff and the Settlement Class in the Complaint; and, (2) (a) if the final approval order is not appealed, the expiration of five (5) days from the date that the final approval order becomes a final, non-appealable order; or (b) if the final approval order is appealed, the expiration of five (5) days after the final disposition of any such appeal, which final disposition affirms the Court's final approval order and orders the consummation of the settlement in accordance with the terms and provisions of this Agreement.

8.    **Certification of Settlement Class.** For the purposes of settlement, the Parties stipulate to the certification of the Settlement Class, which is defined as:

> All persons in the State of New Jersey to whom Defendant sent a written communication which is materially similar to the form attached as Exhibit A to Plaintiff's Complaint, in an attempt to collect a debt, which was not returned as undeliverable by the United States Post Service, during the period beginning July 14, 2016 to July 14, 2017, which stated in part: "Until this is paid, it may appear on your credit report and adversely impact your credit."

9.    **Class Size.** During discovery, Defendant has provided documentation to Class Counsel concerning the number of claims and class members. Specifically, that there are approximately 36 written communications and approximately 46 persons who fit within the class definition and, therefore, are in the Settlement Class.

10.    **Net Worth.** The Parties acknowledge that the FDCPA limits class recovery of statutory damages to the lesser of $500,000.00 or 1% of Defendant's net worth. During discovery, Defendant has made certain representations to Class Counsel

concerning its net worth and provided a Certification of Net Worth. As a result of significant in-depth settlement discussions and negotiations, the Parties have agreed Defendant will pay $2,300.00 in statutory damages to the Settlement Class, which is substantially more than the maximum amount of statutory damages that could be recovered under the FDCPA if a class were successfully certified in the Litigation and Plaintiff prevailed on the merits at trial and on appeal.

11.    **Relief to Plaintiff and the Settlement Class.** In view of all the foregoing, Defendant shall provide the following relief to Plaintiff and the Settlement Class:

(a)    Defendant will create a class settlement fund of $2,300.00 ("Class Recovery"), which Class Administrator Logan & Company, Inc. will distribute pro rata among those Settlement Class Members who do not timely exclude themselves ("Opt-Out") from the class settlement. Settlement Class Members will receive a pro rata share of the Class Recovery by check for each instance of written communication he or she received from Defendant during the period of July 14, 2016 to July 14, 2017. Checks issued to Settlement Class Members will be void sixty (60) days from the date of issuance. If any portion of the Settlement Class Recovery remains after the void date on the Settlement Class Members' checks, these remaining funds will be distributed as set forth in ¶11(d). Legal representatives of deceased Settlement Class Members are eligible to receive a pro rata share of the Class Recovery.

(b)    Defendant shall pay $1,000.00 to Plaintiff for her statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i). Defendant further agrees to pay $1,000 to Plaintiff as an incentive payment in recognition of her efforts on behalf of the Settlement Class.

(c)    Defendant shall pay all costs associated with providing notice to the Settlement Class under this

class settlement and all costs of administering the class settlement; Logan & Company, Inc. is the company that will administer the settlement notice.

(d)     Any checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery, will be donated as a *cy pres* award to a charitable organization. The Parties propose that the cy pres award be donated to National Consumer Law Center, The Parties' selection of the forgoing *cy pres* recipient is subject to the Court's approval at the time of the final fairness hearing.

(e)     Subject to the Court's approval, Defendant agrees to pay Class Counsel $35,000.00 as reasonable attorneys' fees and costs incurred in the prosecution of a "successful action" under 15 U.S.C. § 1692k. The award of fees, costs, and expenses to Class Counsel shall be in addition to and shall not in any way reduce the settlement amounts to be provided to the Settlement Class Members. Class Counsel will not be entitled to any fees beyond the stated amount in this paragraph.

12.     Settlement Class Members shall have forty-five (45) days after mailing of the notice of the proposed settlement to object to or "opt-out" of the proposed settlement.

13.     Any Settlement Class Member may seek to be excluded from the Agreement by opting out within the time period set by this Court. Any Settlement Class Members desiring to exclude themselves from the Litigation must serve copies of the request on Class Counsel and Defendant's counsel at the addresses listed in Paragraph 27 of this Agreement by the date set by the Court. Any Settlement Class member who opts out of the Settlement Class and the Agreement shall not be bound by any prior court order or the terms of the Agreement.

14.     Any Settlement Class member may object to this Agreement by sending said objection to the Clerk of the Court and serving copies of the objection on Class

Counsel and Defendant's counsel at the addresses set forth in Paragraph 27 of this Agreement within the time period set by the Court. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that the Agreement is not in the best interests of the Settlement Class. Any Settlement Class Member who objects to the Agreement may appear at the Final Approval Hearing and, subject to Court approval, be heard on the fairness of the settlement.

15.    Within 14 days before the Effective Date, Defendant shall distribute all monies set forth in Paragraphs 11(a), 11(b), and 11(e) to Logan & Company, Inc., and within 3 days after the Effective Date Logan & Company, Inc. shall disburse those monies in accordance with this Agreement.

16.    **Release.** Upon the Effective Date, the Parties grant the following releases:

(a)    Plaintiff, Doris Griffin, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges Defendant, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns, (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for Defendant) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown, relating to the collection letter(s)/notice(s) annexed to the Complaint as Exhibit A, at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or

arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release the Released Parties of all claims that were made or that could have been made in this lawsuit including all claims relating to Defendant's collection activity.

(b)     Each member of the Settlement Class who does not opt out releases and discharges the RELEASED PARTIES of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to Defendant's collection letter/notice that is attached as Exhibit A to Plaintiff's Complaint in the Litigation [Doc. 1, Exhibit A].

(c)     IT IS EXPRESSLY STATED that the releases above DO NOT release any claim or defense Plaintiff and each Settlement Class Member may have with respect to the underlying debts which Defendant was attempting to collect, including, but not limited to, (1) whether any debt is in fact owed, (2) the crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus.

(d)     Defendant does NOT release its claims, if any, against Plaintiff or any member of the Settlement Class for the payment of their alleged debts. The underlying debts Defendant sought to collect are not affected by this Agreement. This Agreement does not prevent Defendant from continuing to attempt to collect the debts allegedly owed by Settlement Class Members.

17.     The releases set forth herein are conditioned upon the Court's approval of the Agreement and Defendant meeting its obligations herein. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the Parties hereto and shall

not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

18.    **Notice Costs and Related Matters.** Defendant will pay all costs of providing notice to the Settlement Class and settlement administration, as described above in Paragraph 11(c).

19.    **Notice.** Within ten (10) days of entry of the Preliminary Approval Order, Defendant shall provide the Class Administrator with a spreadsheet containing the names and last known addresses of the Settlement Class Members, according to Defendant's business records. Within twenty (20) days of entry of the Preliminary Approval Order, Logan & Company, Inc. shall cause actual notice to be sent in the form of Exhibit B annexed to the Notice of Motion, to Settlement Class Members using Defendant's foregoing spreadsheet. The Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provided within four (4) days of receipt. Neither the Class Administrator, Defendant, nor Plaintiff is required to skip trace any notices that are returned as undeliverable.

20.    Defendant shall provide notice of this proposed class settlement to the appropriate state and federal authorities, and file proof of same with the Court, in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA").

21.    **Preliminary Approval.** As soon as practicable after execution of this Agreement, the Parties shall make application to the Court for the Preliminary Approval Order, attached as Exhibit 1, which:

(a)    Preliminarily approves this Agreement;

(b)    Certifies the Settlement Class defined in Paragraph 8 for settlement purposes;

(c)    Appoints Joseph K. Jones, Esq. as Class Counsel;

(d)    Appoints Plaintiff, Doris Griffin, as the representative of the Settlement Class;

(e)    Sets dates for Settlement Class members to opt-out or to object;

(f)    Schedules a hearing for final approval of this Agreement;

(g)    Approves Exhibit B annexed to the Notice of Motion as notice to the Settlement Class, to be directed to the last known address of Settlement Class Members as shown in Defendant's business records;

(h)    Finds that mailing of the Settlement Class notice and the other measures specified in Paragraph 19 are the only notice required to the Settlement Class and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws.

22.    The Parties agree to request the form of notice attached to the Notice of Motion as Exhibit B and propose the form of preliminary approval order attached hereto as Exhibit 1. The fact that the Court may require non-substantive changes in the proposed class notice or preliminary approval order does not invalidate this Agreement.

23.    **Final approval.** At the conclusion of, or as soon as practicable after, the hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of at least ninety (90) days from the preliminary approval of the settlement (as required by CAFA), Plaintiff and Defendant shall request that the Court enter a Final Order:

(a)    approving the terms of this Agreement as fair, reasonable, and adequate;

(b)    providing for the implementation of its terms and provisions;

(c)    certifying the Settlement Class for settlement purposes;

(d)    finding that the notice given to the Settlement Class satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws;

(e)    dismissing the claims of Plaintiff and the Settlement Class alleged in the Complaint without prejudice and further costs except as provided herein;

(f)    retaining exclusive jurisdiction to enforce the terms of this Agreement;

(g)    directing Class Counsel, after all money has been distributed from the Class Recovery and no later than thirty (30) days after the Void Date, to file a notice apprising the Court that the terms of Agreement have been complied with and providing an accounting of how the Class Recovery was distributed; and

(h)    directing that ten (10) days after the filing of the notice contemplated in Paragraph 23(g) above, the dismissal of the claims of Plaintiff and the Settlement Class shall be with prejudice and without costs, absent a timely motion by either Plaintiff or Defendant.

24.    The Parties agree to request the form of final order attached hereto as Exhibit 2. Any required non-substantive changes in the final order do not invalidate this Agreement.

25.    **Release of Attorneys' Lien.** In consideration of this Agreement, Class Counsel hereby discharges and releases the "Released Parties," as defined in Paragraph 16(a) above, of and from any and all claims for attorneys' fees or costs, by

lien or otherwise, other than the amount of Class Counsels' fees and costs to be determined and distributed pursuant to Paragraph 11(e).

26.    **Miscellaneous Provisions.** The Parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein including, but not limited to, resolution of the amount of Class Counsels' attorneys' fees and costs prior to the fairness hearing. Whether or not this Agreement is consummated, it shall in no event be construed as, or be deemed to be, evidence of an admission on the part of Defendant of any liability to the Settlement Class.

27.    Notices of exclusion requests and objections related to this Agreement shall be sent to:

Class Counsel:                          Counsel for Andrea Visgilio-McGrath, LLC:

Joseph K. Jones, Esq.                   Jeffrey S. Leonard, Esq.
JONES, WOLF & KAPASI, LLC               MORGAN MELHUISH ABRUTYN
375 Passaic Avenue                      651 Old Mount Pleasant Avenue
Suite 100                               Suite 200
Fairfield, NJ 07004                     Livingston, NJ 07039
Telephone: 973.227.5900                 Telephone: 973.994.2500
Facsimile: 973.244.0019                 Facsimile: 973.994.3375
Email: jkj@legaljones.com               Email: jleonard@morganlawfirm.com

The persons and addresses designated in this Paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

28.    The foregoing constitutes the entire agreement between the Parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all Parties hereto, and approved by the Court.

29.    This Agreement may be executed in multiple counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement and

electronic signatures may be treated as originals.

30.     Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Settlement Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

31.     This Agreement shall be governed by and interpreted in accordance with the laws of the State of New Jersey.

32.     If final approval is granted, the Parties shall retain the Settlement Class list and a list of Settlement Class members who opted out or excluded themselves for six months thereafter, and may destroy them after that period.

33.     If any Party commences any action arising out of this Agreement, including, without limitation, any action to enforce or interpret this Agreement, the prevailing party or parties in such action shall be entitled to recover their reasonable attorneys' fees and other expenses incurred in such action. Any award of attorneys' fees and expenses hereunder shall not be computed according to any court schedule, but, instead, shall be in such amount as to fully reimburse all attorneys' fees and expenses actually incurred in good faith, regardless of the size of the judgment, since it is the intention of all Parties to compensate fully the prevailing party for all attorneys' fees and expenses paid or incurred in good faith.

[Signatures on Following Page]

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective counsel of record, have so agreed:

Plaintiff Doris Griffin, on behalf of herself and all others similarly situated,

Defendant Andrea Visgilio-McGrath, LLC

_____

DORIS GRIFFIN
Dated:

_____

By:
Dated:

Exhibit

1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DORIS GRIFFIN, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>-vs-<br><br>ANDREA VISGILIO-MCGRATH, LLC; and JOHN DOES 1-25,<br><br>    Defendant. | Civil Action No.  2:17-cv-00006-KM-MAH<br><br>**Civil Action**<br><br>**PRELIMINARY APPROVAL ORDER** |

**THIS MATTER** having been brought before the Court on motion by Jones, Wolf & Kapasi, LLC, attorneys for Plaintiff Doris Griffin ("Plaintiff"), on behalf of herself and all others similarly situated, and Morgan Melhuish Abrutyn, attorneys for Defendant Andrea Visgilio-McGrath, LLC ("Defendant") (Plaintiff and Defendant collectively referred to as "the Parties"), on notice to all counsel of record, and the Court having considered all papers filed in connection with this matter and having heard the arguments of counsel, and for good cause shown;

**WHEREFORE**, with respect to certifying this action as a class action for settlement purposes, the Court finds:

1.    Plaintiff, on behalf of herself and others similarly situated, asserted claims on behalf of the following persons:

> All persons in the State of New Jersey to whom Defendant sent a written communication which is materially similar to the form attached as Exhibit A to Plaintiff's Complaint, in an attempt to collect a debt, which was not returned as undeliverable by the United States Post Service, during the period beginning July 14, 2016 to July 14, 2017, which stated in part: "Until this is paid, it may appear on your

credit report and adversely impact your credit." ("the Settlement Class");

2.      The Settlement Class is so numerous that joinder of all members is impracticable;

3.      There are questions of law and fact common to the proposed Settlement Class;

4.      The individual claims of Plaintiff are typical of the claims of the Settlement Class;

5.      Plaintiff is an appropriate and adequate representative for the Settlement Class;

6.      The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members;

7.      A class action is superior to other methods for fairly and efficiently settling this controversy;

8.      With respect to the appointment of Settlement Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, Joseph K. Jones, Esq., will fairly and adequately represent the interests of the Settlement Class;

9.      With respect to the proposed Agreement, after consideration of the Agreement attached as Exhibit A to the Certification of Jeffrey S. Leonard, Esq., the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate; and

10.     The Court being duly advised in the premises,

**IT IS HEREBY ORDERED:**

1.      Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

A.      Defines the "Settlement Class" as:

All persons in the State of New Jersey to whom Defendant sent a written communication which is materially similar to the form attached as Exhibit A to Plaintiff's Complaint, in an attempt to collect a debt, which was not returned as undeliverable by the United States Post Service, during the period beginning July 14, 2016 to July 14, 2017, which stated in part: "Until this is paid, it may appear on your credit report and adversely impact your credit."

B.    Defines the "Class Claims" as those claims arising from Defendant's written communication attached as Exhibit A to Plaintiff's Complaint [Doc. 1, Exhibit A], wherein Defendant sent consumers written communications which allegedly made false, deceptive and misleading representations in connection with its attempts to collect debts from Plaintiff and others similarly situated;

C.    Appoints Plaintiff as Class Representative; and

D.    Appoints Plaintiff's counsel, Joseph K. Jones, Esq., as Class Counsel.

2.    The Court approves the Parties' proposed Class Notice and directs that it be mailed to the last known address of the Settlement Class Members as shown in Defendant's business records. The Class Administrator, Logan & Company, Inc. will cause the Class Notice to be mailed to Settlement Class members on or before _____, 2018. Logan & Company, Inc. will have the notice sent by any form of U.S. Mail providing forwarding addresses.

3.    The Court finds that mailing of the Class Notice, and the Parties' notice plan, is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4.    Settlement Class members shall have until _____, 2018, to exclude themselves from or object to the proposed settlement. Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff

and Defendant by that date. Any Settlement Class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the District of New Jersey, and serve copies of the objection on counsel for both Plaintiff and Defendant by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of the settlement. To be effective, any request for exclusion or objection must be postmarked by _____, 2018.

5.    If not already filed, Defendant shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

6.    A final hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on _____, 2018, at _____ __.m.

**IT IS SO ORDERED**

Dated:                                    _____
                                                       HON.

Exhibit

2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DORIS GRIFFIN, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>-vs-<br><br>ANDREA VISGILIO-MCGRATH, LLC.; and JOHN DOES 1-25,<br><br>    Defendant. | Civil Action No.  2:17-cv-00006-KM-MAH<br><br>**Civil Action**<br><br>**FINAL APPROVAL ORDER** |

**THIS MATTER** having been brought before the Court on motion by Jones, Wolf & Kapasi, LLC, attorneys for Plaintiff Doris Griffin ("Plaintiff"), on behalf of herself and all others similarly situated, and Morgan Melhuish Abrutyn, attorneys for Defendant Andrea Visgilio-McGrath, LLC ("Defendant") (Plaintiff and Defendant collectively referred to as "the Parties"), on notice to all counsel of record, and the Court having considered all papers filed in connection with this matter and having heard the arguments of counsel, and for good cause shown;

**UPON CONSIDERATION** of the Parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff and Defendant, the Court orders and finds as follows:

1.    This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class members, and Defendant;

2.    The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

All persons in the State of New Jersey to whom Defendant sent a written communication which is materially similar to the form attached as Exhibit A to Plaintiff's Complaint, in an attempt to collect

{01490813}

a debt, which was not returned as undeliverable by the United States Post Service, during the period beginning July 14, 2016 to July 14, 2017. which stated in part: "Until this is paid, it may appear on your credit report and adversely impact your credit." ("the Settlement Class");

3.    Based on the Parties' stipulations: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class members, and included whether or not Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. by allegedly making false, deceptive and misleading representations in connection with its attempts to collect debts from Plaintiff and others similarly situated; (C) the Plaintiff's claims are typical of the Settlement Class members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and her attorney, Joseph K. Jones, is hereby appointed Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class members.

4.    The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately _____ Settlement Class members by Logan & Company, LLC, the third-party settlement administrator. A total of _____envelopes were returned by the United States Postal Service, _____ of which were returned with forwarding addresses and re-mailed. _____ Settlement Class members requested exclusion, and _____objections were filed or received. A total of _____ Settlement Class members timely returned the proof of claim form and are entitled to a share of the monetary benefits of the settlement.

5.        On _____, 2018, the Court held a fairness hearing to which Settlement Class members, including any with objections, were invited. Excluded from the Settlement Class are those persons, identified in Exhibit A hereto, who timely and validly requested exclusion.

6.        The Court finds that provisions for notice to the Settlement Class satisfy the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7.        The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by Defendant. In accordance with the terms of the Agreement, Defendant shall make the following payments:

A.        Defendant will create a class settlement fund of $2,300.00 ("Class Recovery"), which the Class Administrator, Logan & Company, LLC,  will distribute pro rata among those Settlement Class Members who did not timely exclude themselves "Opt-Out" from the class settlement. Settlement Class Members will receive a pro rata share of the Class Recovery by check. Checks issued to Settlement Class Members will be void sixty (60) days from the date of issuance. If any portion of the Settlement Class Recovery remains after the void date on the Settlement Class Members' checks, these remaining funds will be distributed to _____ in accordance with the Agreement.

B.        Defendant shall pay Plaintiff $1,000.00 for her statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i). Defendant further agrees to pay $1,000.00 to Plaintiff as an incentive payment in recognition of her efforts on behalf of the Settlement Class.

C.        Defendant shall pay Class Counsel $35,000.00 in full satisfaction for attorneys' fees and costs incurred in the action. Class Counsel shall not request additional fees or costs from Defendant or the Settlement Class members.

8.      The Parties grant the following releases:

A.      Plaintiff, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges Defendant, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, partners, attorneys, or assigns, (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for Defendant) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date as defined in the Class Settlement Agreement. Without limiting the generality of the foregoing, Releasors release the Released Parties of all claims that were made or that could have been made in this lawsuit including all claims relating to Defendant's collection activity.

B.      Each member of the Settlement Class who did not exclude themselves from the settlement hereby releases and discharges the Released Parties of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to Defendant's collection letter that is attached as Exhibit A to Plaintiff's Complaint [Doc. 1, Exhibit A].

C.      Plaintiff and each Settlement Class member DO NOT release any defense they may have with respect to the underlying debts which Defendant was attempting to

collect, including (i) whether any debt is in fact owed and (ii) the crediting of payments on any debt.

D.       Defendant does NOT release its claims, if any, against Plaintiff or any member of the Settlement Class for the payment of the debts. The underlying debts Defendant sought to collect are not affected by the Agreement. The Agreement does not prevent Defendant from continuing to attempt to collect the debts allegedly owed by the Settlement Class members.

9.       The Court finds the Agreement is fair and made in good faith.

10.       The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal without prejudice of the claims in this action.

11.       The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

12.       The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this order.

13.       The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

**IT IS SO ORDERED:**

_____
HON.

Dated:

# Exhibit

# B

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DORIS GRIFFIN, on behalf of herself and all others similarly situated,<br><br>   Plaintiff,<br><br>-vs-<br><br>ANDREA VISGILIO-McGRATH, LLC and JOHN DOES 1-25,<br><br>   Defendant. | Civil Action No.  2:17-CV-00006-KM-MAH<br><br>**Civil Action**<br><br>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT, FAIRNESS HEARING, FINAL SETTLEMENT APPROVAL HEARING AND DISTRIBUTION OF COUNSEL FEES** |

**If you received a collection letter from Andrea Visgilio-McGrath, LLC., you may benefit from this class action settlement.**

*The case is titled Doris Griffin v. Andrea Visgilio-McGrath, LLC., D.N.J. Case No.: 2:17-cv-00006-KM-MAH*

*A Federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT. THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **DO NOTHING BUT STAY IN THE SETTLEMENT CLASS** | By doing nothing, you will remain in the Class and be bound by the terms of the settlement but will not receive a share of the settlement fund. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain your legal |

| | |
|---|---|
| | claims against the Defendant. |
| **OBJECT** | Write to the Court about why you do not like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

## 1.     Why did I get this notice?

You are receiving this notice because you were identified as a person to whom Defendant, Andrea Visgilio-McGrath, LLC. ("Defendant") sent a collection letter between July 14, 2016 and ending on July 14, 2017, in an attempt to collect a debt on behalf of various entities that was incurred for personal, family, or household purposes.

## 2.     What is this lawsuit about?

This lawsuit claims that Defendant violated a federal law known as the Fair Debt Collection Practices Act ("FDCPA") by sending consumers written collection letters, which made false, deceptive, and misleading representations in an effort to collect a debt. Defendant filed an answer to the lawsuit denying that its collection letter violates the FDCPA.

## 3.     Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Doris Griffin), sue on behalf of a group (or a "Class") of people who have similar claims regarding a materially similar collection letter used by Defendant in an attempt to collect a debt on behalf.

## 4.     Why is there a settlement?

To avoid the cost, risk, and delay of litigation, Plaintiff and Defendant (the "Parties") reached a settlement agreement as to Plaintiff's and the Class's claims.

**5.    How do I know if I am a part of the settlement?**

For settlement purposes, the Court has certified a Class consisting of all people who meet the following definition:

> All persons in the State of New Jersey to whom Defendant sent a written communication which is materially similar to the form attached as Exhibit A to Plaintiff's Complaint, in an attempt to collect a debt, which was not returned as undeliverable by the United States Post Service, during the period beginning July 14, 2016 to July 14, 2017, which stated in part: "Until this is paid, it may appear on your credit report and adversely impact your credit."

Defendant estimates that, based on its electronic records, that it sent out approximately 36 such written communications to the Class and that the class consists of approximately 46 Class members. According to Defendant's records, you are a Class member.

<strong>YOUR BENEFITS UNDER THE SETTLEMENT</strong>

**6.    What can I get from the settlement?**

Defendant will create a class settlement fund of $2,300 ("Class Recovery"), which the Class Administrator, will distributed *pro rata* among those Class Members who did not exclude themselves.  There are approximately 46 Class Members.

**7.    When will I receive these benefits?**

You will receive these benefits approximately 45-60 days after the Court enters a Final Approval Order. This estimation is premised on the assumption that no objections are received.

**8.    I want to be a part of the settlement. What do I do?**

Nothing.  You do not need to do anything to be part of the settlement.

**9.    What am I giving up if I remain in the settlement?**

By staying in the Class, all of the Court's orders will apply to you, and you give Defendant a "release." A release means you cannot sue or be part of any other lawsuit against Defendant about the claims or issues in this lawsuit with respect to the claims made in the Complaint.

**10.    How much will the Class Representative receive?**

The Plaintiff, Doris Griffin, will receive a payment of $1,000.00 for her individual statutory damages under the FDCPA. This payment is subject to the Court's Approval. The Plaintiff, Doris Griffin, will also receive a payment of $1,000.00 as an incentive payment in recognition of her efforts on behalf of the Settlement Class. These payments are subject to the Court's approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to remain in the settlement, but you want to keep your legal claims against Defendant, then you must take steps to exclude yourself from this settlement.

**11.    How do I get out of the settlement?**

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from Doris Griffin v. Andrea Visgilio-McGrath, LLC, et al., D.N.J. Case No.: 2:17-CV-00006-KM-MAH. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request so that it is postmarked no later than _____, 2018, to:


Class Counsel:                              Counsel for Defendant:

Joseph K. Jones, Esq.                       Jeffrey S. Leonard, Esq.
JONES, WOLF & KAPASI, LLC                   MORGAN MELHUISH ABRUTYN
375 Passaic Avenue                          651 Old Mount Pleasant Avenue
Suite 100                                   Suite 200
Fairfield, NJ 07004                         Livingston, NJ 07039

Telephone: 973.227.5900                    Telephone: 973.994.2500
Facsimile: 973.244.0019                    Facsimile: 973.994.3375
Email: jkj@legaljones.com                  Email: jleonard@morganlawfirm.com

**12.    If I exclude myself, do I still receive benefits from this settlement?**

No, you will not receive anything resulting from the settlement, but you will have
the right to sue Defendant over the claims raised in this case, either on your own or
as a part of a different lawsuit. If you exclude yourself, the time you have in which
to file your own lawsuit (called the "statute of limitations") will begin to run again.
You will have the same amount of time to file the suit that you had when this case
was filed.

**THE LAWYERS REPRESENTING YOU**

**13.    Do I have a lawyer in this case?**

The Court has appointed Joseph K. Jones, Esq., of the law firm, Jones, Wolf & Kapasi,
LLC,  to serve as Class Counsel. You will not be charged for this lawyer; however, he
will receive a payment from Defendant in an amount to be determined by and
approved by the Court. If you want to be represented by your own lawyer, you may
hire one at your own expense. If you choose to hire your own lawyer, he or she
must file an appearance by _____, 2018.

**14.    How will the lawyers be paid?**

Subject to the Court's approval, Defendant has agreed to pay Class Counsel a total
of $35,000.00 as attorneys' fees and costs incurred with respect to the Plaintiff and
the Class claims. The award is in addition to, and shall in no manner reduce, the
amount of benefits due the class. The Parties will jointly ask the Court to approve
the foregoing amount of attorney's fees and costs as part of Class Counsel's
application for attorneys' fees, costs, and expenses through Final Judgment. The
attorneys' fees and costs paid by Defendant and will not be taken out of the class
settlement fund.

**CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT**

**15.    Is this a fair settlement?**

Class Counsel believes that this settlement is fair. The claim asserted on behalf of the Class against Defendant is under the FDCPA. The FDCPA is a federal statute which provides for both individual actions and class actions. In an individual action, the person bringing the suit may recover (i) any actual damages suffered; and (ii) statutory damages of between $0 and $1,000.00. Plaintiff's complaint does not allege any actual damages. In a class action, the maximum possible recovery is (i) any actual damages suffered by the class members and (ii) the lesser of 1% of the Defendant's net worth or $500,000.00. The Court, in its discretion, may award anything up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit may also recover attorneys' fees and the expenses of prosecuting the suit, if the lawsuit is successful.

In this case, the Class recovery of $2,300.00 will be divided between those approximately 46 potential class members, in which case each class member will likely receive approximately $50.00.

## 16.    What is the Defendant's view of this settlement?

As stated above, Defendant filed an answer denying that its collection letter or practices violated the FDCPA. Defendant desires to settle the claims of the Class to avoid the burden, and uncertainty of further litigation, and to put to rest all claims related to its collection letter that is the subject of this lawsuit.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

## 17.    How do I tell the Court that I do not like the Settlement?

If you are a Class member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: Doris Griffin v. Andrea Visgilio-McGrath, LLC, et al., D.N.J. Case No.: 2:17-cv-00006-KM-MAH, your name, address, telephone number, and your signature. If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 18). You must mail your objection so that it is postmarked no later

than _____, 2018 to: Clerk of the Court, United States District Court for the District of New Jersey, 50 Walnut Street, Room 4015, Newark, New Jersey 07101.

You must also mail a copy of your objection to:

Class Counsel:                                Counsel for Defendant:

Joseph K. Jones, Esq.                         Jeffrey S. Leonard, Esq.
JONES, WOLF & KAPASI, LLC                     MORGAN MELHUISH ABRUTYN
375 Passaic Avenue                            651 Old Mount Pleasant Avenue
Suite 100                                     Suite 200
Fairfield, NJ 07004                           Livingston, NJ 07039
Telephone: 973.227.5900                       Telephone: 973.994.2500
Facsimile: 973.244.0019                       Facsimile: 973.994.3375
Email: jkj@legaljones.com                     Email: jleonard@morganlawfirm.com

**THE FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

**18.    Where and when is the fairness hearing?**

The Court will hold a fairness hearing on _____, 2018 at _____ __.m. in the courtroom of the Honorable Michael A. Hammer, United States Magistrate Judge, 50 Walnut Street, Courtroom MLK 2C, Newark, New Jersey 07101. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class and to determine the appropriate amount of compensation for Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

GETTING MORE INFORMATION – CONTACT:

Class Counsel:

Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, NJ 07004
Telephone: 973.227.5900
Facsimile: 973.244.0019
Email: jkj@legaljones.com

**<u>DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE</u>**
**<u>LITIGATION TO THE CLERK OF THE COURT OR TO THE JUDGE.</u>**

<u>They are not permitted to answer your questions.</u>