UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DORIS GRIFFIN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-vs-<br><br>ANDREA VISGILIO-MCGRATH, LLC; and JOHN DOES 1-25,<br><br>Defendant. | Civil Action No. 2:17-cv-00006-KM-MAH<br><br>**Civil Action**<br><br>**PRELIMINARY APPROVAL ORDER** |

**THIS MATTER** having been brought before the Court on motion by Jones, Wolf & Kapasi, LLC, attorneys for Plaintiff Doris Griffin ("Plaintiff"), on behalf of herself and all others similarly situated, and Morgan Melhuish Abrutyn, attorneys for Defendant Andrea Visgilio-McGrath, LLC ("Defendant") (Plaintiff and Defendant collectively referred to as "the Parties"), on notice to all counsel of record, and the Court having considered all papers filed in connection with this matter and having heard the arguments of counsel, and for good cause shown;

**WHEREFORE**, with respect to certifying this action as a class action for settlement purposes, the Court finds:

1. Plaintiff, on behalf of herself and others similarly situated, asserted claims on behalf of the following persons:

> All persons in the State of New Jersey to whom Defendant sent a written communication which is materially similar to the form attached as Exhibit A to Plaintiff's Complaint, in an attempt to collect a debt, which was not returned as undeliverable by the United States Post Service, during the period beginning July 14, 2016 to July 14, 2017, which stated in part: "Until this is paid, it may appear on your

{01490809}

credit report and adversely impact your credit." ("the Settlement Class");

2. The Settlement Class is so numerous that joinder of all members is impracticable;

3. There are questions of law and fact common to the proposed Settlement Class;

4. The individual claims of Plaintiff are typical of the claims of the Settlement Class;

5. Plaintiff is an appropriate and adequate representative for the Settlement Class;

6. The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members;

7. A class action is superior to other methods for fairly and efficiently settling this controversy;

8. With respect to the appointment of Settlement Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, Joseph K. Jones, Esq., will fairly and adequately represent the interests of the Settlement Class;

9. With respect to the proposed Agreement, after consideration of the Agreement attached as Exhibit A to the Certification of Jeffrey S. Leonard, Esq., the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate; and

10. The Court being duly advised in the premises,

**IT IS HEREBY ORDERED:**

1. Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

    A. Defines the "Settlement Class" as:

All persons in the State of New Jersey to whom Defendant sent a written communication which is materially similar to the form attached as Exhibit A to Plaintiff's Complaint, in an attempt to collect a debt, which was not returned as undeliverable by the United States Post Service, during the period beginning July 14, 2016 to July 14, 2017, which stated in part: "Until this is paid, it may appear on your credit report and adversely impact your credit."

B. Defines the "Class Claims" as those claims arising from Defendant's written communication attached as Exhibit A to Plaintiff's Complaint [Doc. 1, Exhibit A], wherein Defendant sent consumers written communications which allegedly made false, deceptive and misleading representations in connection with its attempts to collect debts from Plaintiff and others similarly situated;

C. Appoints Plaintiff as Class Representative; and

D. Appoints Plaintiff's counsel, Joseph K. Jones, Esq., as Class Counsel.

2. The Court approves the Parties' proposed Class Notice and directs that it be mailed to the last known address of the Settlement Class Members as shown in Defendant's business records. The Class Administrator, Logan & Company, Inc. will cause the Class Notice to be mailed to Settlement Class members on or before February 1, 2019. Logan & Company, Inc. will have the notice sent by any form of U.S. Mail providing forwarding addresses.

3. The Court finds that mailing of the Class Notice, and the Parties' notice plan, is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4. Settlement Class members shall have until April 15, 2019, to exclude themselves from or object to the proposed settlement. Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff

and Defendant by that date. Any Settlement Class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the District of New Jersey, and serve copies of the objection on counsel for both Plaintiff and Defendant by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of the settlement. To be effective, any request for exclusion or objection must be postmarked by __April 15__, 2019.

5. If not already filed, Defendant shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

6. A final hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on __May 20__, 2019 at __10:00__ a.m.

**IT IS SO ORDERED**

Dated: 1/8/2019

HON. KEVIN McNULTY
U.S. District Judge

{01490809}                                  4